# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE CONLEY, | CV F   05-0822 OWW SMS HC |
| Petitioner, | ORDER TO SHOW CAUSE REGARDING EXHAUSTION OF STATE COURT REMEDIES |
| v. | |
| | [Doc. 5] |
| K.M. POWERS, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

This action is proceeding on Petitioner's amended petition, filed August 23, 2005.  In the amended petition, Petitioner raises the following claims: (1) ineffective assistance of counsel; (2) illegal search and seizure in violation of the Fourth Amendment; (3) Due Process and Equal Protection violations; and (4) Due Process and Equal Protection rights violation due to false reports, prosecutorial misconduct and judicial bias.

Petitioner contends that he filed an appeal to the California Court of Appeal, Fifth Appellate District raising the claim of an unlawful sentence and violation of Sixth, Eighth and Fourteenth Amendments.  Petitioner contends that he raised the same claims to the California Supreme Court and has not received a response.  In reviewing Petitioner's petition it is not clear what claims were even presented, let alone exhausted, at the California Supreme Court. Petitioner submits several attachments to his amended petition; however, he did not submit the

petitions that were submitted to the California Court of Appeal and California Supreme Court.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

Because it is unclear whether the claims presented in the instant federal petition for writ of habeas corpus were presented and exhausted in the state's highest court, Petitioner will be ordered to show cause regarding exhaustion. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

///

///

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

2

Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall show cause as to what claims were presented to the state's highest court.

2. Failure to comply with this order may result in the action be dismissed for failure to comply with a court order.  Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 11, 2005**            /s/ Sandra M. Snyder
icido3                UNITED STATES MAGISTRATE JUDGE