# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE CONLEY, | CV F  05-0822 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| K.M. POWERS, Warden, | [Doc. 12] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL BACKGROUND

On August 13, 2004, Petitioner was sentenced to a term of four years in Fresno County Superior Court case number F0390758-3 for possessing cocaine for sale (Cal. Health & Saf. Code § 11351) and for having served a prior prison term (Cal. Penal Code[1] § 667.5(b).)  That same day, Petitioner was ordered to serve a concurrent term of three years in Fresno County Superior Court case number F02676302-3 for causing corporal injury to a spouse (§ 273.5(a).) Petitioner was given a total of 796 days credit for his sentence in case number F02676302-3. (Respondent's Exhibit A, attached to Motion.)

Petitioner filed a notice of appeal to the California Court of Appeal, Fifth Appellate District.  The sole issue raised in that appeal was whether the trial court abused its discretion in

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

1  revoking Petitioner's probation. (Respondent's Exhibit B, attached to Motion.)

2  On May 11, 2004, the Court of Appeal affirmed the judgment. (Id.)

3  Petitioner did not file a petition for review in the California Supreme Court.

4  On August 11, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petition related solely to Petitioner's conviction of causing corporal injury to a spouse in case number F02676302-3. The petition alleged that (1) the trial court imposed an unauthorized sentence for that conviction and (2) Petitioner's trial counsel rendered ineffective assistance. (Respondent's Exhibit C, attached to Motion.)

9  On August 31, 2005, the California Supreme Court denied the petition. (Respondent's Exhibit D, attached to Motion.)

11  On June 22, 2005, Petitioner filed the instant federal petition for writ of habeas corpus.

12  On December 23, 2005, Respondent filed the instant motion to dismiss. After granting Petitioner two extensions of time, Petitioner did not file an opposition.

### DISCUSSION

#### A.   Custody Requirement

Initially, Respondent argues that the instant petition should be dismissed for lack of jurisdiction, as Petitioner is no longer "in custody" pursuant to the conviction of which he is challenging.

Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490, 109 S.ct. 1923 (1989) (*per curiam*); Feldman v. Perrill, 902 F.2d 1445, 1446 (9th Cir.1990). A habeas petitioner is not "in custody" under a conviction after the sentence imposed for it has fully expired, even though it may possibly be used to enhance a subsequent sentence. Maleng, 490 U.S. at 492; Feldman, 902 F.2d at 1448.

As Respondent correctly states, on August 13, 2004, Petitioner was sentenced to a four-year term in case number F0390758-3 and a concurrent three-year term in case number F02676302-3. Petitioner was awarded a total of 796 days credit in case number F02676302-3. (Respondent's Exhibit A.) Accordingly, at the time of sentencing Petitioner had, at most, only

299 days remaining on his three year concurrent term in case number F02676302-3. The sentence in case number F02676302-3, expired on June 8, 2005, and Petitioner did not file the instant petition until June 22, 2005.[2]

Respondent argues that because Petitioner is only challenging his conviction in case number F02676302-3 for causing corporal injury to a spouse, and his sentence on that conviction had already expired at the time he filed the instant petition, Petitioner is not "in custody" for purposes of review pursuant to § 2254.

A review of the instant petition and motion in support of the petition for writ of habeas corpus, filed August 23, 2005, indicates that Petitioner is challenging both his conviction for causing corporal injury to a spouse and his conviction for possession of cocaine for sale. (Court Docs. 5, 6.) On the form petition, under the "Nature of offense" section, Petitioner lists both his convictions for corporal injury and possession of cocaine. (Petition, at 1.) Further, in listing his claims for relief, Petitioner states "SEE ATTACHED 'MOTION IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.'" (Petition, at 4.) In the motion, Petitioner clearly states

The petition clearly identifies the claims for relief as follows: (1) ineffective assistance of counsel; (2) illegal search and seizure in violation of the Fourth Amendment; (3) Due Process and Equal Protection violations under the Fifth, Sixth, and Eighth Amendments; and (4) Due Process and Equal Protection violations due to false police reports, prosecutorial misconduct and judicial bias. (Petition, at 4-5.) Under each claim for relief, Petitioner states "PLEASE SEE ATTACHED 'MOTION IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.'" (Petition, at 4-5.)

Turning to the motion in support of the instant petition for writ of habeas corpus, it is apparent that Petitioner is challenging both his conviction for corporal injury to a spouse and possession of cocaine. In Ground One, Petitioner contends that counsel was ineffective for failing to thoroughly investigate the facts underlying his corporal injury to spouse conviction and for failing to pursue an affirmative defense. (Motion, at 3-4.) In Ground Two, Petitioner

---

[2] Even giving Petitioner the benefit of the mailbox rule does not assist Petitioner, as the petition was dated June 19, 2005. (Court Doc. 1.)

contends that there was no probable cause to arrest him for possession of cocaine, he was not Mirandized prior to police questioning, and he was illegally sentenced to a four year term for this conviction.

Because it is apparent that Petitioner is challenging both his 2002 conviction for corporal injury to a spouse and his 2003 conviction for possession of cocaine, Respondent's contention that Petitioner is *only* challenging his 2002 conviction for corporal injury to a spouse is rejected. However, despite the fact that Petitioner is challenging both his 2002 and 2003 convictions, because Petitioner has served his sentence on his 2002 conviction for corporal injury to a spouse, Petitioner cannot now challenge that conviction by way of a § 2254 petition, as it is moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937). To satisfy the Article III case or controversy requirement, a litigant "must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70, 104 S.Ct. at 375; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38, 96 S.Ct. 1617, 1924 (1976); NAACP, Western Region, 743 F.2d at 1353.

An incarcerated prisoner's challenge to the validity of his conviction satisfies the case or controversy requirement because his incarceration constitutes a concrete injury, caused by the conviction and redressable by the invalidation of that conviction. Spencer v. Kemna, 523 U.S. 1, 7, (1998). Once the sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration must exist if the suit is to be maintained and not considered moot. Id. There is no other concrete or continuing injury in this case, because there is no relief the Court could grant under § 2254, as the sentence is fully expired. As Respondent correctly

4

points out, if a parole period is eventually ordered following Petitioner's release from custody for his conviction for cocaine for sale, Petitioner will be subject to the same parole conditions for the same period of time, irrespective of the earlier conviction for spousal abuse in case number F02676302-3.[3] Therefore, Petitioner may not challenge his 2002 conviction; however, the instant petition may proceed on the challenge to Petitioner's 2003 conviction for possession of cocaine, as he is still serving his sentence on that conviction.[4]

B.  Exhaustion

Respondent alternatively argues that the instant petition is a mixed petition containing both exhausted and unexhausted claims, and is therefore subject to dismissal.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

---

[3] In addition, this is not a case in which Petitioner is in custody pursuant to another conviction "that is positively and demonstrably related to the convictions he attacks." Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (quoting Carter v. Procunier, 755 F.2d 1126, 1129 (5th Cir. 1985)). Petitioner's convictions in case numbers F0390758-3 and F02676302-3 are completely unrelated. As Respondent correctly submits, Petitioner's conviction and prison term in case number F02676302-3 stem from his guilty plea of spousal abuse entered on December 19, 2002. Petitioner's conviction and sentence in case number F0390758-3 stem from an incident of Petitioner possessing cocaine for sale on December 1, 2003. (Respondent's Exhibit E.)

[4] However, for the reasons explained below, because the claims challenging his 2003 conviction are unexhausted, the petition must be dismissed on that ground.

5

1  Additionally, the petitioner must have specifically told the state court that he was raising a
2  federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133
3  F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court
4  violated his due process rights "he must say so, not only in federal court but in state court."
5  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general appeal to a constitutional guarantee is
6  insufficient to present the "substance" of such a federal claim to a state court.  See Anderson v.
7  Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance
8  that the "due process ramifications" of an argument might be "self-evident."); Gray v.
9  Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus
10 must include reference to a specific federal constitutional guarantee, as well as a statement of the
11 facts which entitle the petitioner to relief.").

12      As previously stated, Petitioner raises the following claims in the instant petition: (1)
13 Petitioner's trial counsel rendered ineffective assistance; (2) Petitioner's conviction is the result
14 of an unconstitutional search and seizure; and (3) various other constitutional violations
15 including excessive bail, false police reports, prosecutorial misconduct, and judicial bias.

16      As Respondent correctly argues, the only claim raised in the petition for writ of habeas
17 corpus submitted to the California Supreme Court was the ineffective assistance of counsel
18 claim, which relates to his 2002 conviction, which is fully expired.  (Respondent's Exhibit C.)
19 Petitioner's claims challenging his 2003 conviction are therefore unexhausted, and the Court
20 must dismiss without prejudice a petition that contains only unexhausted claims to give
21 Petitioner an opportunity to correct the alleged constitutional errors.  28 U.S.C. § 2254(b)(1);
22 Rose, 455 U.S. at 521-22.  This dismissal will not bar Petitioner from returning to federal court
23 after exhausting available state remedies.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586
24 (9th Cir.1995).  However, this does not mean that Petitioner will not be subject to the one year
25 statute of limitations imposed by 28 U.S.C. § 2244(d).  Although the limitations period is tolled
26 while a properly filed request for collateral review is pending in state court, 28 U.S.C.
27 § 2244(d)(2), it does not toll for the time an application is pending in federal court.  Duncan v.
28 Walker, 121 S.Ct. 2120, 531 U.S. 991 (2001).

RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the instant petition be GRANTED. This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. Provided Petitioner does not move to withdraw the unexhausted claims, the Finding and Recommendation will be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 16, 2006                    /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE